Simon & Brownson for the plaintiffs, Ba- Western Dis Sept 1827
ker & Bowen for the defendants.

---

BROUSSARD vs. DECLOUET.

APPEAL from the court of the         district.  A bailment of cotton to be ginned is for

MARTIN, J. delivered the opinion of the the mutual benefit of the parties, and
court. The plaintiff charges that the defendant the bailee is bound to use
received a quantity of seed cotton from the that care which pru-
plaintiff to be ginned and baled; and not mind- d-nt men be- slow on their
ing his promise to deliver it ginned and baled, own concerns.
has refused to do so. Further, that he, the
plaintiff, delivered to the defendant a quantity
of cotton in the seed to be ginned and baled,
and the defendant promised faithfully to keep
the same for the plaintiff; notwithstanding
which, he so carelessly kept the same, that it
was destroyed and consumed by fire through
his negligence and carelessness. It is averred
that the defendant was to receive compensation
for ginning, baling, and taking care of the cot-
ton.

The defendant pleaded that the plaintiff's
cotton was destroyed by fire, with the gin, gin-
house, and other property of the defendant's by
a fortuitous and uncontrolable event, over which
he had no power, and which he could not

Western Dist.
*Sept. 1827.*

BROUSSARD
*vs.*
DECLOUET.

have prevented by any care, prudence or fore-sight.   Prescription was also pleaded.

There was judgment for the defendant, and the plaintiff appealed.

At the trial the plaintiff objected to the introduction of testimony to prove the destruction of the cotton by an accidental fire; contending that the defendant should be confined to evidence of a destruction by fire; "by a fortuitous and uncontrolable event, over which, the defendant had no power, and which he could not have prevented by any care, prudence, or foresight," as stated in the answer. The plaintiff's objection was overruled, and he took a bill of exceptions.

We are of opinion the district judge did not err; proof of an accidental fire was an *incipient* proof of the fire alleged in the answer, which was to be completed by evidence of other cir_cumstances.

The bailment of the cotton to the defendant being for the common advantage of the bailor and bailee, the latter was bound to use that care, diligence, and attention which prudent men use in their own concerns; and the defendant has maintained his allegation if the fire which consumed the plaintiff's cotton was the

result of an accident which he could not pre- vent by the care, prudence, and foresight which prudent men use in their own concerns. This was a mere question of fact, and the district judge who heard the testimony from the lips of witnesses, has concluded that such care, prudence, and foresight had been taken. We have carefully examined the evidence, and i appears to us completely to justify the conclusion at which the district judge arrived.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed, with costs.

*Bowen* for the plaintiff, *Baker & Brownson* for the defendant.